UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ALICIA RODRIGUEZ | : | CIVIL ACTION |
|     Plaintiff | : | |
| | : | |
| VS. | : | |
| | : | |
| ABILITY BEYOND DISABILITY; | : | OCTOBER 4, 2004 |
| JEFFREY TOMASCAK;  HEIDI | : | |
| CHELEDNIK  and  DONNA DORIS | : | |

## COMPLAINT

I.     PRELIMINARY STATEMENT

(1) This is an action for discrimination based on Negligent Investigation; race discrimination; national origin; race; color and ancestry under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.; and for wrongful discharge; intentional infliction of emotional distress; Breach of contract; breach of covenant of good faith and fair dealing. Ms. Alicia Rodriguez brings this action against the defendants who, acting under color of state law, character, ordinance. Regulation, custom or usage, have unlawfully violated plaintiff's civil and due process rights by intentionally disciplining and wrongfully terminating and discriminating against plaintiff without reason in violation of her civil rights.

II.     NATURE OF THE ACTION

(2) This action arises under Title 42 U.S.C. § 2000e et seq.; and the Fourteenth Amendment to the United States Constitution and Connecticut General Statutes Section 46a-58 and 46a60, and Article First, Section One, Seven, Nine, Ten and Twenty of the Connecticut Constitution.

III.     JURISDICTION

This Court's jurisdiction is invoked pursuant to Title 28 U.S.C. § 2000e § 2202; 42 U.S.C. Section 1981;  42 U.S.C. Section 1983;  42 U.S. Section 2000e et seq.;

Connecticut General Statutes section 46a60, 4a-60 and Article First, Section 1, 2 and 20 of Connecticut Constitution.

Plaintiff further invokes the pendent jurisdiction of this Court to hear and decide claims arising under state law. The amount in controversy exceeds Seventy Five Thousand Dollars ($75,000.00) excluding interest and costs.

IV. PARTIES

(3) During all times material to the Complaint the Plaintiff, Alicia Rodriguez, was a citizen of the United States, a resident of the State of Connecticut and served as a Life Skills Instructor with the Ability Beyond Disability.

(4) During all times material to this Complaint, the Defendant, Ability Beyond Disability was a rehabilitation agency headquartered in Brookfield, Connecticut with over 80 residential sites in communities in Danbury, Connecticut and Mount Kisco, New York.

(5) During all times material to this Complaint, the defendant Heidi Chelednik was the duly appointed Service Manager for Ability Beyond Disability, and she is sues in her official and individual capacity.

(6) During all times material to this Complaint, the Defendant Jeffrey Tomascak, was the duly appointed Human Resources Manager for Ability Beyond Disability, and he is sued in his official and individual capacity.

(7) During all times material to this Complaint, the Defendant Donna Doris was the duly appointed Supervisor for Ability Beyond Disability, and she is sued in her official and individual capacity.

V.  CAUSES IF ACTION

(8)  On or about June 9, 2003, Plaintiff was hired by Defendant Ability Beyond Disability to serve in the position of Life Skills Instructor (L.S.I.) and served in that position until defendants terminated her employment on or about December 4, 2003.

(9)  During her tenure she performed services for the Defendants in at least a satisfactory manner.

(10)  On or about November 16, 2003, Plaintiff observed a head nurse (Her supervisor) abusing a resident.

(11)  The following date she reported the incident to a, Nurse Pat Coppola.

(12)  On November 18, 2003 Plaintiff was required to make a written report of her observations to Defendant Heidi Chelednik.

(13)  Plaintiff continued to work her regular duties for two (2) weeks (Plaintiff's shift was 3:00 pm to 11:00 pm).

(14)  On or about December 1, 2003 she was requested to meet with two (2) "investigators" at the main office.  During that interview she was asked questions related to the resident abused that she reported on Monday, November 17, 2003.

(15)  On Wednesday, December 3, 2003, over two (2) weeks after the incident, Plaintiff was terminated from her employment.

(16)  The employee (Caucasian) that was the subject of the investigation and that the Plaintiff had reported as an abuser, continued to work for the Defendant and was not disciplined.

(17) The Defendant has a history of not hiring Latino/Hispanic workers and of terminating without cause workers of Hispanic origin and of hiring a disproportionate number of Latino/Hispanic workers.

(18) The Defendants conspired to violate Plaintiff's Constitution rights by agreeing and carrying out conduct including racial discrimination, fabricated disciplinary action and intimidating as more particularly described herein.

(19) The Defendants, knew, or should have known that allowing the perpetration of a serious physical abuse was illegal, immoral and unethical.

(20) The Defendants knew, or should have known that discharging Plaintiff was illegal, immoral, unethical and repugnant policy towards Hispanics.

(21) The aforementioned acts of Defendants violated 42 U.S.C. Section 2000e et seq. ("Title VII") in that they promote a disciplinary work environment for the Plaintiff and others in violation of C.G.S. § 46a 58, 46a60 and entitle the Plaintiff to get her relief.

(22) Defendant failed to treat Plaintiff fairly in accordance with statutes and Defendants own employee handbook.

(23) As a direct and proximate consequence of Defendant's wrongful conduct, Plaintiff has suffered great pain and suffering and emotional anguish and distress and other injuries.

(24) As a direct and proximate consequence of Defendant's unlawful conduct. Plaintiff has suffered a loss of income, including past and future salaries and the value of other benefits.

(25) Plaintiff has suffered severe mental and emotional harm and distress. All of Plaintiff's injuries and harm have been intentionally inflicted by Defendant's without cause or justification for the purpose of discriminating against the Plaintiff.

(26) The actions of the Defendants were and are extreme and outrageous, shocking to the sensibilities of any reasonable person and will continue unabated unless strictly prohibited by the Court.

(27) The treatment of the Plaintiff by the Defendant was intentionally and with the purpose and interest of causing severe and grievous mental and emotional harm which in turn resulted in severe physical consequences, all in violation of the common law of the State of Connecticut.

(28) Defendant's actions were willful, intentional and done in spite of their actual knowledge or reckless disregard of the Plaintiff's Constitutional rights.

(29) The facts herein alleged constitute a demise of equal protection of the laws guaranteed to her by the Fourteenth Amendment of the United States Constitution.

(30) Plaintiff has been forced by the Defendant's actions to undergo the expense of employing counsel to vindicate her constitutional and other civil rights.

(31)   Plaintiff is without an adequate remedy to contest this unlawful discrimination by Defendant's.

(32)   Defendant's are not privileged in their actions by either qualified or absolute immunity.

(33)   The actions of the Defendants were instituted, planned and conducted by officials of Ability Beyond Disability for the purpose of violating the Defendant's constitutional rights to due process and were the proximate cause of the aforementioned violations.

(34)   Plaintiff was terminated from employment constitutes a breach of contract for employment, justifying the imposition of, inter alia, compensatory and consequential damages against the Defendants.

(35)   The conduct described herein constitutes a breach of Defendants' implied-in-law covenant of good faith and fair dealing, justifying the imposition of, inter alia, compensatory, consequential, punitive and exemplary damages against Defendants.

(36)   The conduct described herein constitutes a breach of Defendants' covenant of good faith and fair dealing, implied-in-fact from the Employee Handbook, justifying the imposition of inter alia, compensatory, consequential, punitive and exemplary damages against the Defendants.

WHEREFORE, the Plaintiff claims judgment against the Defendants as follows:

a) Compensatory damages against the Defendant and each of them, jointly and severally, in the amount of Five Hundred Thousand ($500,000.00) dollars;

b) Punitive damages against Defendant Jeffrey Tomascak in the amount of Two Hundred and Fifty Thousand ($250,000.00) dollars;

c) Punitive damages against Defendant Heidi Chelednik in the amount of Two Hundred and Fifty Thousand ($250,000.00) dollars;

d) Punitive damages against Defendant Donna Doris in the amount of Two Hundred and Fifty Thousand ($250,000.00) dollars;

e) An injunction ordering Defendant to rescind their termination and award of all back pay, benefits and other relief of which Plaintiff is entitled;

f) Attorney's fees pursuant to 42 U.S.C. § 1988, and 2000(e);

g) All lawful costs and interests;

h) Such other relief as this court shall consider to be fair and equitable against all Defendants in all capacities;

i) A trial by jury is requested.

THE PLAINTIFF,

BY:_____
José Vivaldi Martínez
Law Offices of José Vivaldi Martínez
39 Mill Plain Road, Suite 10
Danbury, CT 06811
Telephone: (203) 778-2200
Federal Bar No.: CT15393

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ALICIA RODRIGUEZ | : | CIVIL ACTION |
|     Plaintiff | : | |
| | : | |
| VS. | : | |
| | : | |
| ABILITY BEYOND DISABILITY; | : | OCTOBER 4, 2004 |
| JEFFREY TOMASCAK;  HEIDI | : | |
| CHELEDNIK  and  DONNA DORIS | : | |

**STATEMENT OF AMOUNT IN DEMAND**

The amount in demand, exclusive of costs, is greater than Five Hundred Thousand ($500,000.00) Dollars.

THE PLAINTIFF,


BY:_____
    José Vivaldi Martínez
    Law Offices of José Vivaldi Martínez
    39 Mill Plain Road, Suite 10
    Danbury, CT 06811
    Telephone: (203) 778-2200
    Federal Bar No.: CT15393